# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE,

                  Petitioner,          :     Case No. 3:20-cv-056

     - vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

JUDGE ROBERT W. RETTICH, III.

                                 :
              Respondent.

## ORDER

This habeas corpus action, purportedly brought under 28 U.S.C. § 2241, is before the Court for review upon filing.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Petitioner purports to file this case under 28 U.S.C. § 2241 (ECF No. 1, PageID 1).

However, Petitioner pleads that he is in custody pursuant to an order of the Miamisburg Municipal Court, a court of the State of Ohio. *Id.* at ¶ 4. He claims his custody is unconstitutional because the Miamisburg Municipal Court was without jurisdiction to issue the judgment under which he is confined.

28 U.S.C. § 2241, which empowers federal judges to issue the writ of habeas corpus, dates to the Judiciary Act of 1789. *Hueso v. Barnhart,* ___ F.3d ___, 2020 U.S. App. LEXIS 618 * 3 (6th Cir. Jan. 9, 2020), citing *McCleskey v. Zant,* 488 U.S. 467 (1991). However, our authority to issue the writ for persons in state custody is limited by 28 U.S.C. § 2254. For such actions, the Supreme Court has promulgated a set of Rules, one of which (Rule 5(d)) requires that the petition must substantially follow the form appended to those Rules. The Petition filed here does not comply; it is instead made on the form approved by the Administrative Office of of United states Court for petitions under 28 U.S.C. § 2241 (See ECF No. 1, heading at PageID 1.)

The Petition presents the Court with a dilemma. Its words could be read as attempting to state a claim for habeas corpus relief under 28 U.S.C. § 2254 and, as a *pro se* litigant, Petitioner is entitled to a liberal reading of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). If Petitioner intends to plead a claim under 28 U.S.C. § 2254, then he must do so on the form prescribed by the Supreme Court.

On the other hand, Petitioner is an experienced *pro se* litigant and may be intending to claim jurisdiction under 28 U.S.C. § 2241. His Petition itself shows that he is attentive to jurisdictional questions and may wish to defend having filed under § 2241.

It is accordingly ORDERED that not later than March 13, 2020, Petitioner either file an amended Petition in the form required by Rule 5(d) or show cause why his original Petition under 28 U.S.C. § 2241 should not be dismissed for want of jurisdiction. The Clerk is ordered to furnish

Mr. Greenlee with the standard form for a § 2254 case with his copy of this Order.


February 28, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

\