# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE,

        Petitioner,    :    Case No. 3:20-cv-056

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

JUDGE ROBERT W. RETTICH, III.

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on the Amended Petition (ECF No. 4) and the Return of Writ (ECF No. 7). In the Order for Answer (ECF No. 5) the Court set the date for Petitioner's reply at twenty-one days after service of the Return of Writ. When the Return was filed, the Court reminded Petitioner of this deadline by separate Notice (ECF No. 8). The time for filing the reply has expired and Petitioner has not filed a reply.

In the Return of Writ, Assistant Montgomery County Prosecutor Andrew French advised the Court that Petitioner had been committed to the custody of the Montgomery County Sheriff on the three convictions as to which he sought habeas corpus relief. That representation is consistent with the address provided the Court by Petitioner when he filed and which he has never changed. However, Attorney French also reports that Petitioner has been released from jail because of suspensions of parts of his sentence and Sheriff Streck therefore is no longer Petitioner's custodian. Presumably custody has now passed to the Miamisburg Municipal Court and Kettering Municipal Courts' probation officers.

1

Mr. French also reports that Petitioner appealed all three of his convictions to the Ohio Second District Court of Appeals and those appeals remained pending as of the date the Return was filed, May 12, 2020.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21 to the extent a habeas petitioner has claims that depend on evidence outside the direct appeal record. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990).

Petitioner has not contradicted Respondent's claim that he has pending direct appeals on all three of his convictions. Once those appeals are decided, he will have the right to seek review by the Supreme Court of Ohio[1]. Until those appeals are complete, this Court cannot consider his claims on the merits.

While this Court has authority to stay this case pending exhaustion under *Rhines v. Weber*, 544 U.S. 269 (2005), it is not prudent to do so. As noted above, Sheriff Streck is no longer the proper respondent. Once the two municipal court probation departments or those courts themselves are substituted as respondents, presumably different counsel would represent them. Petitioner's failure to file a reply suggests that he may no longer be interested in pursuing the case. The statute of limitations under 28 U.S.C. § 2244(b) will not begin to run until the convictions are final on appeal and Petitioner will then have one year to consider whether he wishes to pursue the

---

[1] Once the Ohio Supreme Court has decided any appeals, Petitioner will have the right to seek review by writ of certiorari in the United States Supreme Court for ninety days after judgment in the Ohio court. However, because grant of review is so rare, a habeas petitioner is not required to seek certiorari review to satisfy the exhaustion doctrine.

2

matter. Furthermore, if the case is dismissed without prejudice. a new petition raising these same claims (or any other claims Petitioner may then have) will not be a second or successive petition requiring circuit court permission to proceed.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed without prejudice for lack of exhaustion of available state court remedies. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 2, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.